# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No.: 10 CR 328-1 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| TOMAS RUSSE ) | |
| ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Government's motion for entry default judgment on bond forfeiture agreement [6]. On March 12, 2010, the Court declared that the conditions of Defendant Tomas Russe's bond were breached and bail was forfeited. This court reviews the default judgment motion pursuant to Fed. R. Crim. P. 46(f) ("Rule 46(f)") and 18 U.S.C. § 3146(d). If a motion for forfeiture is granted, Rule 46(f) requires the court to grant the corresponding motion for default judgment unless the surety subsequently surrendered the defendant to custody or waiver is required to circumvent injustice. For the reasons set forth below, the Court concludes that the sureties do not qualify for waiver under the recognized forms of injustice (an act of God, fraud, forgery, or other forms of illegality in the contracting process) nor have they presented extreme mitigating circumstances. The Court therefore grants the Government's motion for entry default judgment on bond forfeiture agreement [6].

**I.     Background**

Defendant Tomas Russe ("Russe") was arrested and charged with a number of controlled substance-related counts in late January 2010. On February 4, 2010, Russe executed an appearance bond that was co-signed by his then-girlfriend, Lilli Avina ("Avina") and her stepfather, Arturo Leon ("Leon"). According to the terms of the bond, Russe was released and instructed to comply with all conditions of his bond including, but not limited to,

the instruction to appear in court as required. Avina and Leon were publicly briefed on their responsibilities. Specifically, they were warned that should Russe fail to comply with the conditions of his bond, they may be held responsible for the entire amount of the bond. Both noted that they understood their obligations and were aware of the possible ramifications.

On February 18, 2010, one of Russe's co-custodians notified the court that Russe left home the previous day and failed to return. Russe subsequently failed to report to his pre-trial services officer on February 19, 2010 as instructed. Accordingly, on February 22, 2010, the Government filed a motion requesting that the bond be revoked and that a bench warrant be issued for Russe's arrest. The Court granted Plaintiff's motion for revocation on February 23, 2010.

On March 9, 2010, the government submitted a motion for declaration of bond forfeiture pursuant to Rule 46(f)(1) due to Defendant's failure to comply with the conditions of the bond. On March 12, 2010, the Court granted the Government's motion and declared the bond forfeited. The Government now moves for default judgment pursuant to Rule 46(f)(3)(A).

**II.     Legal Standard**

The steps leading to bond forfeiture are two-fold: (1) the government must move for a declaration of forfeiture; and (2) the government must move for default judgment on forfeiture of the bond. Rule 46 governs both of these steps. Rule 46(f)(1) states that a district court must declare a forfeiture "[i]f there is a breach of condition of a bond." Thus, upon the breach of a condition, the court has no discretion in determining if the bond shall be subject to forfeit, but rather must grant the government's motion. *U.S. v Foster,* 417 F.2d 1254, 1256-1257 (7th Cir. 1969); see also *United States v. Davis*, 202 F.2d 621, 624-625, (7th Cir. 1953).

After declaration of forfeiture, Rule 46(f)(2) confers on the court authority to set aside the forfeiture in whole or in part if "the surety later surrenders into custody the person

released on the surety's appearance bond," or if "it appears that justice does not require forfeiture." Fed. R. Crim. P. 46(f)(3)(A). District courts are given wide discretion in determining when to set aside bond forfeiture so long as they do not act in an arbitrary or capricious manner; however, once a condition of the bond is broken, the court is under no obligation to set aside forfeiture. *Foster,* 417 F.2d at 1256. In practice, few courts grant motions to set aside forfeiture once a condition of the bond has been broken. Rule 46(f)(3) further states that a court must grant the government's motion for default judgment if they do not set aside the forfeiture.

## III. Analysis

The point of an appearance bond is to ensure that a defendant appears in court and subjects himself to the jurisdiction of the court while simultaneously granting him the freedom that comes with the presumption of innocence until proven guilty. *Reynolds v. U.S.,* 80 S. Ct. 30, 32 (1959); see also *Heikkinen v. U.S.,* 208 F.2d 738, 742 (7th Cir. 1953). To qualify for a bond, a defendant typically must post a portion of the total value up front with proven collateral posted for the remainder. The collateral is subject to forfeiture if the defendant violates a condition of his release.

As detailed above, Rule 46(f)(1) establishes a mandatory requirement that the court declare a bond forfeited if the defendant violates any condition of his release, such as failure to appear in court. When a party moves to set aside bond forfeiture, the moving party assumes the burden of proving that an injustice will be done by the forfeiture. *Foster*, 417 F.2d at 1256. The court has wide discretion when asked to set aside bond forfeiture. *U.S. v. Nguyen*, 279 F.3d 1112, 1115 (9th Cir. 2002). There are a number of factors the court may consider when reviewing a request to waive bond forfeiture: "(1) the willfulness of the defendant's breach of conditions; (2) the participation of the sureties in apprehending the defendant; (3) the cost, inconvenience, and prejudice suffered by the government as a result of

the defendant's breach; and (4) any explanation or mitigating factors presented by the defendant." *U.S. v. Gutierrez,* 771 F.2d 1001, 1003 (7th Cir. 1985) (internal quotations omitted). Here, the sureties urge the court to consider a number of factors, including but not limited to: the sureties' honesty and cooperation with the Government's investigation, the lack of the sureties' culpability in Defendant's decision to flee, the sureties' prompt notification to the Government of Defendant's flight, the sureties' current state of personal suffering caused by Defendant, and the sureties' inability to afford the consequences of bond forfeiture.[1]

The sureties' argument that their cooperation should alleviate them of their responsibility fails because mere cooperation and honesty with the Government in an ongoing investigation is insufficient to constitute a valid reason to avoid bond forfeiture. See *Gutierrez,* 771 F.2d at 1003. Cooperation with a government investigation is viewed as a duty owed by all citizens. Moreover, the sureties' argument that they should not be liable for Defendant's wrongs because they themselves did not commit wrongdoing is incompatible with basic contract law and contrary to the terms of the bond. By signing the bond agreement, the sureties assumed liability for Russe and his actions, not just those actions of his of which they were aware. This circuit has previously rejected this line of argument. *U.S. v. Santiago,* 826 F.2d 499, 501 (7th Cir. 1987).

The sureties also highlight the personal suffering they experienced due to Defendant's decision to flee. However, it is presumed in the very nature of a bond agreement that the sureties will suffer if the defendant fails to honor his commitment. The sureties have not presented, nor has the Court found, any decision that waived forfeiture on the basis of related personal suffering. If a defendant cannot post bond collateral on his own, he is forced to ask friends and family to become sureties on the bond and risk losing personal property should

---

[1] While several of these arguments are contested by the Government, for purposes of this motion we will assume the truth of all sureties' claims as it does not change the outcome of the decision.

the defendant break a condition of his bond. The threat of alienation of these loved ones, in addition to the loss of their property, forms the incentive for the defendant to uphold the terms of his bond. Failure to enforce the bond contract in these circumstances would undermine the purpose of the bond by reducing the incentive to abide by the terms of release.

Finally, the sureties argue that their current financial position is such that their suffering will be greater than normal should the Court uphold forfeiture. But loss of personal property does not constitute "injustice" as contemplated by the statute. See, *e.g.*, *Santiago*, 826 F.2d at 506 (surety posted substantial real estate assets for his friend's bond and, upon forfeiture, surety was forced to relinquish the real estate to the government as payment of the bond); see also *U.S. v. Morales*, 91 F.R.D. 169, 170 (D.P.R. 1981) (surety used the mortgage for her home as collateral and stood to lose the home should the bond be declared forfeited; the court abided by mandatory forfeiture despite this showing). Ms. Avina and Mr. Leon should not have posted bond in the first place if they could not afford to lose it should Mr. Russe let them down by failing to honor his commitments, as he has done.

## IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's Motion for Entry of Default Judgment on Bond Forfeiture [6].

Dated: August 13, 2012      _____
                                                                         Robert M. Dow, Jr.
                                                                          United States District Judge